Gunter, J.,
concurring specially.
The trial judge sustained a general demurrer to the complaint. To review the judgment of dismissal consequent, plaintiffs are here. If the complaint states a cause of action, the judgment should be reversed. Defendants in error concede that the complaint states a cause of action, provided the equitable doctrine of a prevention of a multiplicity of suits is applicable to the facts herein. As allegations in the complaint other than those involved in the points presented by the petition for the rehearing are sufficient if true to invalidate the assessment, it was unnecessary in determining the application of such equitable doctrine to decide any one of the points urged in the petition for a rehearing; the main opinion determines that the facts are.within this equitable doctrine and such conclusion is not dependent upon a ruling of any one of such points upon which the rehearing is asked; *400 the determination of any one of these points may never become necessary to a decision of this case upon its merits. This court should, confine itself to the questions necessary for a determination of, Does the complaint state facts sufficient to constitute a cause of action ? In the conclusion of the other members of the court, that the doctrine of a prevention of a multiplicity of suits is applicable to the facts herein and that the case should be reversed, I concur. To the extent that the other members of the court have considered the questions presented by the petition for a rehearing, I shall discuss them and for the sole reason that the other members of the court have considered them.
The points upon which further consideration is asked are:
, “ 1. That the proceedings are void because the ordinance prescribing the district was published on Sunday instead of on a week day.
“ 2.' That the proceedings are void because the ordinance prescribing the district authorized an expenditure of more than five thousand dollars (15,000) and was not published for five days before its passage.
“ 3. That the proceedings are void because no proper notice to property owners was given by publication before creating the district or ordering the construction of the sewer.”
I will consider these points in their charter order:
First. Point three presents the step prescribed by subdivision 2 of section 3 of article 7. This point the president judge has not ruled. I concur in the conclusion of the associate judge that if the notice required by this subsection was not published for twenty days in two daily newspapers of general circulation published in the city of Denver, that all subsequent proceedings in establishing the district were invalidated thereby unless cured by subsection 8 of said section 3, article 7. Neither of my associates speak as to the effect of such curative statute. A ruling thereon is not essential to this decision and may never be called for, hence I express no opinion thereon. What departure from the statute in making such publication other than a publication for *401 an insufficient time would be fatal can more safely be ruled when the exact facts are before us, if ever they are.
Second. I concur in the conclusion that section 10 of article 2 of the Denver charter does not apply to the ordinance herein creating the storm sewer district.
Third. Section 8 of article 2 provides, “ No ordinance shall take effect until published in some newspaper of general circulation published in the city of Denver, or in book or pamphlet form by authority of the city council.”
The ordinance passed in pursuance of the order of the board of public works establishing the storm sewer district was published in a newspaper of general circulation published in the city of Denver. It is contended, however, that its publication on Sunday was not a compliance with above section 8.
The charter contains provisions which, if observed, will well advise the real estate owner of the steps proposed and taken for the establishment of a storm sewer district. Subsection 2 of section 3, article 7, provides that at least thirty days’ notice by twenty days’ publication in two daily newspapers shall be given that the board of public works will on the day specified, consider making an order for the establishment of a storm sewer district. It is provided that upon the return day of the notice the owner can be heard concerning the proposed improvement. Let it be borne in mind that the board of public works, by resolution, orders the sewer district; that it drafts the ordinance establishing the district, and that the city council passes the ordinance without the power to change or amend it. After the system of sewers has been completed, has been accepted by the board of public works and the board has made a tentative apportionment of the cost thereof among the parcels of land to be assessed, such result is certified to the city council, it is then the duty of the city clerk by advertisement for ten days in some newspaper of general circulation published in the city of Denver to notify the owners of real estate to be assessed that the improvements have been completed and accepted, therein specifying the *402 whole cost thereof and the share to be apportioned to each tract of land, and that any complaint filed within thirty days from the first publication of the notice will be considered before the passage of an ordinance assessing the cost of the improvements. An assessing ordinance is then passed which under above section 8 must be published. Within thirty days of this publication the assessment became due. If not paid the assessment roll finally goes to the county treasurer and the assessments are by him collected, and, if necessary, by sale after notice.
The proceedings in the present case had passed through the preliminary stages and the permanent assessment roll was about to be certified to the county treasurer when this suit was instituted. The first publication was about October 2, 1897, under subsection 2 of section 8 of article 7, advising the real estate owners that on a certain day the board of public works would consider a resolution ordering the improvement. The last publication was that of the assessment ordinance January 26, 1899. The complaint was filed herein March, 1900. The procedure provided by article 7 in case of local improvements is elaborate and gives the owners of real estate ample notice and opportunity to be heard. Realizing the irregularities that so usually occur in such proceedings the legislature clearly manifested in article 7 that it intended so far as might lie in its power to prevent irregularities invalidating such proceedings. Subsection 8 of section 3, article 7, provides, “ The finding of the city council by ordinance that any improvements provided for in this article were duly ordered after notice duly given or that a petition or remonstrance was or was not filed as above provided, or was or was not subscribed by the required number of owners aforesaid shall be conclusive in every court or other tribunal.” Section 32 of said article provides, “No delays, mistakes, errors or irregularities in any act or proceeding authorized by this article shall prejudice or invalidate any final assessment. These quotations are suggestive of the spirit with which this act should be interpreted. Should this entire *403 procedure, just when the taxpayer is called upon to do his part, be invalidated because the .ordinance enacted pursuant to the order of the board of public works, establishing a storm sewer district was published on Sunday instead of some week day? Section 8 providing for the publication of ordinances is found in article 2 under the head of “ Legislative Department.” It applies to ordinances of every character. It is satisfied by the publication of the ordinance in pamphlet form or in book form. Where the proposed ordinance involves matter of which notice should be given some other section of the charter prescribes the notice and its manner of service. In this case the board of public works had ordered the establishment of the sewer district, and had drafted the ordinance to be submitted to the council; the council had no power to alter or amend it. The ordinance was passed ; it was published in a newspaper of general circulation published in Denver. This publication “ was not notice to appear;” it summoned no one to a hearing, it was, “ simply the official way of creating the district,” a publication “which might ever after be used as a part of the evidence, or proof, that the ordinance had been passed.” The elaborate procedure for local improvements is in article 7. Ample provision is there made, as has been shown, for notice to the owners of real estate and for opportunity for them to be heard. The offices of process are performed by a compliance with this article. The function intended to be discharged by the publication ruled upon in Scammon v. Chicago, 40 Ill. 146, was provided for in the present case by section 31 of said article 7.
I concur in the'conclusions of the president judge that the publication of this ordinance in this case was not in the nature of the service of process. Schwed v. Hartwitz, 23 Colo. 187, is cited in support-of the contention that the publication of this ordinance was in the nature of the service of process and that the publication was therefore illegal. The court held therein that a publication on Sunday of a notice of tax sale of real estate does not constitute legal *404 notice saying, “ The publication of the notice of a tax sale is in the nature of the service of process. It will not be contended that outside of a few cases, specially provided for by statute service of process on Sunday in a civil action would be valid in this state, and the rule that tax sales are invalid, if made upon a notice published only in a Sunday paper, is too well settled to be now open to controversy.” The question therein ruled is that the publication of notice of sale of real estate for taxes in a Sunday newspaper does not constitute legal notice, the reasons assigned are, (1) That such publication is in the nature of service of process, that as the service of process is forbidden on Sunday in this state, service of the tax notice by publication being in the nature of a service of process is likewise prohibited. (2) That a rule exists that tax sales are invalid if made upon a notice published only in a Sunday paper. To support these reasons are cited the following authorities: Sawyer v. Cargile,72 Ga. 290. This involved an advertisement of a tax saie ; the court held such advertisment illegal, saying that Sunday is dies non juridicus and service cannot be made or legal notice given on that day, or the business or work of ordinary callings done. The decision being based upon a section of the Georgia statute, making “it criminal for any person whatever to pursue their business or work at their ordinary calling on the Lord’s day.”'
Ormsby v. City of Louisville, 79 Ky. 199. Here the ordinance levying taxes was required to be published once in at least two newspapers. The publication was made on Sunday. The court held such publication illegal basing the decision upon the statute of the state and saying, “ Sunday is not a judicial day, nor is it a day upon which any work, labor or calling can be legally pursued * * * and the publication is a violation of law.”
Blackwell on Tax Titles (5th ed.), § 440, in presenting the law on the subject of advertisement of a tax sale, says, “ A publication on Sunday is no notice; Sunday is not a judicial day; such publication is itself a violation of law and no *405 citizen is bound to read or take notice of it,” citing in support of this conclusion, Ormsby v. Louisville, supra. Black on Tax Titles (2d ed.), § 210, in discussing notice of a tax sale, says, “ The publication is not sufficient if made on Sunday only; citizens are not required to take notice of the contents of a Sunday newspaper,” citing Ormsby v. Louisville, supra; Scammon v. City of Chicago, 40 Ill. 146. This was an appeal from a judgment upon a special assessment for curbing. The statute provided that notice should be given by publication of the filing of the assessment roll and that at the next regular meeting of the common council, commissioners would apply for a confirmation of an assessment against the property. The court held that this notice was in the nature of process; that process could not be served upon Sunday; that a notice in the nature of process could not be served upon such day.
In Hastings v. Columbus, 42 Ohio St. 586, it was decided that a publication of an ordinance upon Sunday was not illegal because such publication was not prohibited at common law or by statute.
The publication assailed is not in the nature of the service of process; it is not a notice of sale of real estate for taxes, hence not within any one of the authorities cited.
Neither the common law nor the statute law was violated in publishing this ordinance on Sunday. Hastings v. Columbus, supra ; Richmond v. Moore, 107 Ill. 429.
I concur in the conclusion of the president judge that the Sunday publication questioned is legal.